OPINION OF THE COURT
Edward S. Conway, J.
These are 18 petitions in the nature of CPLR article 78 proceedings which seek to review the determinations of the respondent, by which determinations respondent refused to transfer and appoint petitioners to the Division of the State Police, on the ground that such determinations were arbitrary, capricious and an abuse of discretion, and on the further ground that petitioners were denied due process of law. This court will consider all of these petitions in one opinion.
Petitioners are all members of the Long Island State Parkway Police or the Niagara State Parkway Police, and each is an organization governed by the provisions of section 1 of chapter 276 of the Laws of 1979. Pursuant to said statute, the *961 functions of the Long Island State Parkway Police and the Niagara State Parkway Police were transferred to the Division of State Police and the Superintendent thereof. Section 2 of said statute provided that: "[A]ll such employees who meet such standards and qualifications as may be established by the superintendent of state police and who shall not have attained the age of fifty-five on or before December thirty-first nineteen hundred seventy-eight, and who make application not later than ninety days following the date upon which this act shall become law, shall be transferred to and appointed members of the division of state police on the effective date of the transfer of functions.”
Petitioners, pursuant to the statute, applied and were interviewed by representatives of the State Police and an investigation was conducted for the purpose of determining whether petitioners met the standards and qualifications to become members of the State Police. On December 24, 1979, petitioners received letters from the Division of State Police notifying them that the Superintendent had determined that they did not meet the eligibility requirements for members of the Division of State Police and, therefore, no appointment could be made in their cases.
Respondent met with each of the petitioners, except petitioner Bivona, on December 31, 1979 and explained why their applications were not being accepted and cited section 2 of the statute as aforesaid.
Petitioners contend that the respondent’s refusal to appoint them as members of the Division of State Police has deprived them of their property without due process of law, and further, that respondent’s determinations that petitioners failed to meet standards and qualifications relating to good moral character and physical standards were arbitrary and capricious.
This court cannot agree with the contentions of the petitioners. The petitioners do not have a vested property right to be appointed to the Division of State Police. They will, pursuant to the statute, remain employed by their present employer without diminution in wages or benefits. Further, respondent submitted an affidavit which sets forth that specific reasons were given each of the petitioners in personal interviews by officials of the Division of State Police and that the Superintendent of State Police has carefully reviewed the qualifications and merits of each individual petitioner and, in the *962 exercise of discretion, has determined not to grant petitioners’ applications.
The Appellate Division, Third Department, in Matter of Shedlock v Connelie (66 AD2d 433, 434-435, affd 48 NY2d 943) recently stated: "Thus, the superintendent had the power and authority to determine, as a matter of discretion, the 'fitness and good moral character’ of the petitioner as a qualification of such appointment. The exercise of this discretion, as long as it is rational, it not prohibited by the constitutional provisions relating to civil service”.
In this court’s opinion, these determinations rest upon a rational basis and will not be disturbed by this. court. The petitions are therefore denied.